IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ABDUL AYAT MOHAMMED BEY a/k/a RONALD B. BRITT-BEY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 14-CV-731-W-FJG ) |
| MARCUS RUBIO, et al., | ) ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 1) and Motion for Immediate Injunction (Doc. # 3).

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that they are unable to pay the costs of the lawsuit. In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

In Patterson v. Kaiser, No. 4:14-CV-1255-CDP, 2014 WL 4715453 (E.D.Mo. Sept. 22, 2014), the Court stated:

> An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under §1915 (e)(2)(b), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court

1

> must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Id. at * 1.

The Court assumes that plaintiff qualifies by economic status to be able to proceed in forma pauperis. However, after reviewing the Complaint, the Court finds that plaintiff has failed to state a claim and his allegations are frivolous. In his rambling forty-nine page Complaint, the plaintiff names as defendants, Senators Marcus Rubio and Ted Cruz, Neil Cavuto, Net-10 Telecommunications Carrier, and various state and federal judges. Plaintiff appears to be alleging that the defendants conspired to steal his identity and social security benefits and that illegal wire taps were placed on his cell phones. For example, plaintiff alleges that defendant Marcus Rubio sponsored "the herein racketeering civil and criminal expedition from Oklahoma State through Kansas State to Kansas City, Missouri via wire fraud; identity theft – theft of social security benefits-SSI Disability and theft of survivor's benefits of plaintiff-Bey; properties theft; vandalism of properties; mail fraud; bank fraud . . .assault on Kansas City, Missouri streets about Bey cellphone 405-698-8237 on 12th and Grand having been stalked as set forth herein in extortion; intimidations and bully plots regarding plaintiff-affiant/Recipient-Bey SSI disability benefits and in same scheme of thing ordered by defendant Fox News Anchor Neil Cavuto of the Five to "Silence" Plaintiff-Bey about Bey Survivor's benefits; herein Kansas City, Missouri. Defendant, Neil Cavuto is . . . as stated assigned to orchestrate identity theft and theft of social security benefits as set forth herein and had a homeless so-called white male worker at Hope Faith Ministries to Lie on Plaintiff-Affiant-Recipient Bey in a discrediting scheme. . . ." (Plaintiff's Complaint, p. 16). Plaintiff also alleges that "There are ten/10 Jews on the board of directors of the United States Department of Treasury-Federal Reserve Bank stealing

everyone's money receiving information from Charles "Chuck" Schumer, Senior Senator from New York State and leader of the criminal element of Congress = the Gang of 8 of which defendant Marcus Rubio is a member of the Gang of 8 and is a 2016 presidential candidate which is unconstitutional for a Cuban communist to be president." (Plaintiff's Complaint, p. 18).

As the Court stated in Abdul Ayat Mohammed-Bey v. Honorable Marco Roldan, No. 14-CV-00472-W-DW, (W.D.Mo. June 3, 2014), in an order dismissing another case recently filed by plaintiff in this district, "[p]ut simply, there is 'no amount of liberal construction [that] can create a viable claim from the jumble of nonsensical and disjointed allegations set forth by Plaintiff[.]'" Id. at 2 (quoting Caldwell v. Snyder, 2011 WL 204879, at *2 (E.D.Ark Jan.21, 2011))[1]. The Court agrees and finds that plaintiff has failed to state a claim in this case because he has not alleged facts which are plausible on their face. Additionally, the Court finds that plaintiff's claims are frivolous. Accordingly, the Court hereby **DENIES** plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1), **DENIES** plaintiff's Motion for an Immediate Injunction (Doc. # 3) and **DISMISSES** plaintiff's Complaint.


Date: October 7, 2014                                **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                           Fernando J. Gaitan Jr.
                                                                  United States District Judge

---

[1] The Court notes that plaintiff has had other actions dismissed for similar reasons in other jurisdictions. . See Abdul Ayat Mohammed Bey v. Dept. of Human Services, No. 12 0087, 2012 WL 171537 (D.D.C. Jan.20,2012)("It is difficult not only to discern a viable claim within this Court's jurisdiction, but also to identify a clear statement showing plaintiff's entitlement to the relief he seeks."); Abdul Ayat Mohammed Bey v. Cube Smart, No. 12-0212, 2012 WL 447680 (D.D.C. Feb.9, 2012)("The complaint consists of rambling statements that fail to provide any notice of a claim or the basis of federal court jurisdiction."); Ronald Britt-Bey v. Medical Dept. Personnel, No. 4:07CV855CDP, 2007 WL 1541878 (E.D.Mo.May 24, 2007)("The complaint is factually frivolous in that the alleged facts are fantastical and delusional."); Abdul Ayat Mohammed Bey v. Elliot, No. 4:07CV1197DDN, 2007 WL 3071822 (E.D.Mo. Oct. 22, 2007)("The complaint is so obviously frivolous that the Court need not discuss it at length.").