# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ABDUL AYAT MOHAMMED BEY a/k/a )
RONALD B. BRITT-BEY, )
                                      )
         Plaintiff, )
                                      )
vs. ) No. 14-CV-731-W-FJG
                                      )
MARCUS RUBIO, et al., )
                                      )
         Defendants. )

## ORDER

       Currently pending before the Court is plaintiff's Motion for Recusal (Doc. # 7). On October 7, 2014, the court denied plaintiff's Motion to Proceed in Forma Pauperis and denied plaintiff's Motion for an Immediate Injunction. The Court also dismissed plaintiff's Complaint because the claims alleged in the Complaint were frivolous.

       Plaintiff has now filed a sixty-one page motion asking the Court to recuse due to a "gross conflict of interest." However, plaintiff does not elaborate on what he believes the conflict of interest is and instead reargues claims which the Court previously dismissed, as well as presenting some additional frivolous claims.

       28 U.S.C. § 455(a) states in part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

The standard which is used in reviewing motions to recuse is an objective one:

> "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant—section 455(a) sets an objective standard that does not require scienter." Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id.(quoting In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1358 (8th Cir.1996)). However, "'[a]n unfavorable judicial ruling ... does not raise an inference of bias or require the trial judge's recusal.'" Id.(quoting Harris v. Missouri, 960 F.2d 738, 740 (8th Cir.1992)). . . . "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a party's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir.1985).

Mello v. Unum Corp., No. 4:13CV2543 NCC, 2014 WL 360610, at *2 (E.D. Mo. Feb. 3, 2014). In Hamrick v. Bush, No. 1:06CV00044GH, 2007 WL 686602, * 3 (E.D.Ark. Mar. 1, 2007), the Court stated that "the mere fact that the Court has ruled against a legal argument advocated by plaintiff is not an adequate ground for recusal." After reviewing plaintiff's motion, the Court finds no basis for recusal. Additionally, as the Court previously dismissed plaintiff's Complaint, plaintiff's action is no longer pending in this Court. Accordingly, plaintiff's Motion to Recuse is hereby **DENIED AS MOOT** (Doc. # 7).

Date: January 14, 2015                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                          United States District Judge

Case 4:14-cv-00731-FJG   Document 9   Filed 01/14/15   Page 2 of 2